IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HERMAN BROWN, JR.,

                                                    OPINION AND ORDER

               Plaintiff,

                                                  14-cv-171-bbc

        v.

CAPTAIN BOODRY, SERGEANT
J. KOTTKA, C.O. BENEVETZ,
C.O. JOHNSON and C.O.
PARENTEAU,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Herman Brown, a prisoner at the Columbia Correctional Institution, brings this lawsuit, contending that defendants Captain Boodry and Sergeant J. Kottka and correctional officers Benevetz, Johnson and Parenteau sexually assaulted him during a strip search, in violation of the Eighth Amendment.  Plaintiff filed this civil action in the United States District Court for the Eastern District of Wisconsin.  The District Court for the Eastern District of Wisconsin concluded that venue was improper under 28 U.S.C. § 1391(b) because the Columbia Correctional Institution is located in the Western District of Wisconsin and it transferred the case to this court.  The district court also screened plaintiff's complaint under 28 U.S.C. 1915A.  It denied plaintiff leave to proceed on his claim because he had not named proper defendants and it gave him until March 28, 2014 to file a proposed amended complaint curing that defect.  Having reviewed plaintiff's timely

1

filed amended complaint, I conclude that it must be dismissed because it does not comply with Fed. R. Civ. P. 8.  However, I will give plaintiff one final opportunity to file an amended complaint that states a claim.

Plaintiff also asks the court to provide him a pen, dkt. #22, additional time to respond to court orders, dkt. #23, and assistance in recruiting a lawyer, dkt. #23.  Because plaintiff has not shown that he requires any of these things at this stage in the proceedings, his motions will be denied.

Plaintiff alleges the following facts in his proposed amended complaint.


ALLEGATIONS OF FACT

Plaintiff was transferred from a general population unit of the prison to a segregation unit.  When he arrived at the segregation unit, some defendants cut plaintiff's clothes off him in order to conduct a strip search.  They did not give him a chance to remove his clothes on his own.  All defendants were present during the strip search, but plaintiff could not see what each defendant did because his back was to them and his head was pushed against the door.  Without describing the events further, plaintiff also says these defendants "sexually assaulted" him.  Plt.'s Am. Cpt., dkt. #21, at 4.  In plaintiff's original complaint (which has been replaced by his amended complaint), dkt. #1, he alleged that defendants touched his penis and buttocks.

OPINION

Under Fed. R. Civ. P. 8, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Plaintiff appears to be attempting to state a claim under the Eighth Amendment. Under the Eighth Amendment, "strip searches are not per se unconstitutional," Fillmore v. Page, 358 F.3d 496, 505 (7th Cir. 2004), but strip searches for the purpose of humiliation or other non-penological reasons are prohibited, Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003) ("[T]o state an Eighth Amendment claim Calhoun must show that the strip search in question was not merely a legitimate search . . . , but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain."). However, plaintiff's sparse allegations do not state an Eighth Amendment claim.

Plaintiff is unclear about whether the strip search was conducted for any purpose other than for security and penological reasons. After all, moving a prisoner from one unit to another raises security issues that may be managed by strip searches. Cf. Peckham v. Wisconsin Department of Corrections, 141 F.3d 694, 695 (7th Cir. 1998) (random strip

3

searches of all inmates in cell block and strip searches of those who had contact with nonprisoners do not violate Eighth Amendment if not done in harassing manner).  Plaintiff does say he was sexually assaulted, but this is a legal conclusion, not a factual allegation.  He may be referring to defendants' touching of his penis and buttocks that he alleged in his original complaint, but he did not allege these facts in his new complaint, which is now the operative complaint.  Further, he did not explain how the touching was harassing or humiliating beyond a normal strip search.  Thus, plaintiff has failed to state a claim under Rule 8.

Nevertheless, I will give plaintiff one more opportunity to amend his complaint. Plaintiff should keep in mind that this amended complaint will replace the original complaint and the first amended complaint, so he should name all defendants and allege all facts necessary to state his claim.  If plaintiff chooses to file an amended complaint, he should explain what he means by "sexual assault."  He should state what happened during the strip search that he believes violated his rights or that was not part of a normal strip search for security purposes.  If plaintiff fails to file an amended complaint by the date set forth in this order, his case will be dismissed and he will be assessed a strike.

Plaintiff has filed several other motions.  First, he asks the court to order the Columbia Correctional Institution to provide him a pen for preparing his legal documents. Plaintiff is using a pencil, but he says the pencil lead is broken and the markings it makes are too faint to read.  However, his filings thus far have been legible and this court does not require that filings be in pen.  Because his lawsuit has not been affected by his use of a

4

pencil, I will leave this matter to the discretion of the prison and deny the motion.

Next, plaintiff asks that the court assist him in finding an lawyer.  He provides letters to three lawyers as proof of his efforts in securing counsel.  Nonetheless, it is too early in plaintiff's case to determine the complexity of the case and plaintiff's competence in prosecuting it.  Pruitt v. Mote, 503 F.3d 647, 663 (7th Cir. 2007) ("A judge may justifiably conclude that a pro se plaintiff who can articulate the essential nature of his injury and present his version of the facts does not truly need the services of an attorney in the early stages of the case.").  Thus, his motion will be denied without prejudice to his refiling it at a later stage.

Finally, plaintiff says that the prison has been mishandling his mail and that he therefore needs additional time to respond to orders from the court.  So far, plaintiff has been timely in his filings to this court.  He does not explain why this would not be true in the future, so this motion will also be denied.


ORDER

IT IS ORDERED that

1.  Plaintiff Herman Brown's amended complaint, dkt. #21, is DISMISSED for his failure to comply with Fed. R. Civ. P. 8.  He may have until April 25, 2014 to file a second amended complaint that complies with the Federal Rules of Civil Procedure as described in this order.  If plaintiff fails to respond by that date, I will dismiss the case for failure to state a claim and direct the clerk of court to close the case.

5

2.  Plaintiff's motion for a pen, dkt. #22, is DENIED.

3.  Plaintiff's motion for assistance in recruiting counsel, dkt. #23, is DENIED

without prejudice.

4.  Plaintiff's motion for an order on his legal mail, dkt. #23, is DENIED.

Entered this 4th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6