IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HERMAN BROWN, JR.,

                Plaintiff,

     v.

CAPTAIN BOODRY, SERGEANT J. KOTTKA,
C.O. BENEVETZ, C.O. JOHNSON and C.O. PARENTEAU,

                Defendants.

ORDER

14-cv-171-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Herman Brown, Jr., is proceeding on claims that (1) defendants Benevetz, Johnson, Parenteau, Boodry and Kottka were involved in subjecting plaintiff to an illegal strip search; (2) defendant Kottka used excessive force against plaintiff; and (3) defendant Kottka retaliated against plaintiff after learning of this lawsuit. Defendants have responded to the complaint and a pretrial conference was held on July 17, 2014. Now before the court is plaintiff's motion to stay the case. Dkt. #41.

      Plaintiff asks to stay the case until he is released from prison in January 2016, when he says he will be able to retain counsel. Although the court is sympathetic to the challenges of litigating a case from prison, such a long delay would be unfair to defendants and plaintiff has not explained why his situation requires a stay. Plaintiff's lack of legal education is no different than the many other pro se litigants in this court. Plaintiff says he is "partially illiterate," Plt.'s Mot., dkt. #41, at 2, but he does not explain his basis for saying so and his

1

filings in this case have been written in clear and concise language. He also says that he suffers from "mental illness," id., but he does not explain what the illness is or why it affects his ability to litigate this case. Furthermore, plaintiff's stay in segregation may pose difficulties, but he has not identified any that make it impossible or impracticable for him to prosecute this case. Thus, I am denying plaintiff's motion.

I remind plaintiff that he is not expected to provide extensive legal research to the court. His primary role is to present facts and evidence necessary to prove the elements of his claims. Plaintiff should use the preliminary pretrial conference order as his roadmap in preparing his case and focus his efforts on gathering the evidence he needs to prove his claims.

Finally, I note that plaintiff is permitted to dismiss his case voluntarily if he believes he cannot pursue it. Plaintiff may do so at any time with prejudice, which means that he will not be permitted to assert the claims he stated in this case again. If, however, plaintiff wishes to dismiss this case without prejudice, which means that he would be able to bring the same claims in a later action, he will have to file a motion and explain why his request will not unduly prejudice defendants. Defendants would be given an opportunity to stipulate or respond to plaintiff's motion.

ORDER

IT IS ORDERED that plaintiff Herman Brown, Jr.'s motion to stay this case, dkt.

#41, is DENIED.

    Entered this 30th day of July, 2014.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge